```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
HICA EDUCATION LOAN CORPORATION,        :    12 Civ. 4248 (DLC)
                                        :
                Plaintiff,              :    MEMORANDUM
                                        :    OPINION AND ORDER
        -v-                             :    DISMISSING CASE FOR
                                        :    LACK OF SUBJECT
AMY B. MEYER,                           :    MATTER JURISDICTION
                                        :
                Defendant.              :
                                        :
----------------------------------------X
```

APPEARANCES

For the Plaintiff:

Frank Steven Tate
135A East Drive
N. Massapequa, NY 11758


For the Defendant:

Amy Meyer, pro se
142 Roosevelt Drive
Poughquag, NY 12570


DENISE COTE, District Judge:

    On May 30, 2012, plaintiff HICA Education Loan Corporation ("HICA") filed this action, alleging that Amy Meyer ("Meyer"), who is proceeding pro se, had defaulted in her payment obligations with respect to three promissory notes currently owned by HICA.  Because these notes relate to loans insured under the United States Health Education Assistance Loan ("HEAL") Program, the complaint asserts that jurisdiction is proper under 28 U.S.C. § 1331, stating that Meyer's indebtedness arises under

the HEAL statutes and regulations.  42 U.S.C. § 292 et seq.; 42 C.F.R. Part 60.  HICA is incorporated under the laws of South Dakota and has its primary place of business in that state.  Meyer is a citizen of New York.  As per the complaint, HICA seeks $72,722.61 in unpaid principal, accrued unpaid interest, and unpaid late charges, as well as other ancillary relief.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (citation omitted).  "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte."  Fracasse v. People's United Bank, No. 13-266, 2014 WL 1243811, at *2, ___ F.3d ___ (2d Cir. Mar. 27, 2014) (citation omitted).

There are two principal bases of federal court jurisdiction: diversity jurisdiction, and federal question jurisdiction.  Under the former, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  Under the latter, they have such jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As the Supreme Court recently reiterated in Gunn,

> a case can arise under federal law in two ways.  Most directly, a case arises under federal law when federal law creates the cause of action asserted.  As a rule of inclusion, this creation test admits of only extremely rare exceptions, and accounts for the vast bulk of suits that arise under federal law . . . .
>
> But even where a claim finds its origins in state rather than federal law . . . we have identified a special and small category of cases in which arising under jurisdiction still lies.  In outlining the contours of this slim category, we do not paint on a blank canvas.  Unfortunately, the canvas looks like one that Jackson Pollock got to first.
>
> In an effort to bring some order to this unruly doctrine several Terms ago, we condensed our prior cases into the following inquiry:  Does the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"?  [Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005).]  That is, federal jurisdiction over a state law claim will lie if a federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  Where all four of these requirements are met, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.  [Id. at 313-14.]

133 S. Ct. at 1064-65 (citation omitted).

This Court lacks subject matter jurisdiction over this case. Diversity jurisdiction is unavailable because, while there is complete diversity between the parties, the amount in controversy falls short of the $75,000 threshold.  See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi., 93 F.3d 1064, 1070

(2d Cir. 1996) ("The amount in controversy is determined at the time the action is commenced." (citation omitted)).

Federal question jurisdiction is unavailable because this dispute does not "arise under" federal law, whether applying the creation or Grable test. Under the creation test, neither the HEAL statute nor its regulations provide an express federal cause of action for a plaintiff to sue an individual who has violated a statutory or regulatory requirement. Cf. 42 U.S.C. § 292 et seq.; 42 C.F.R. Part 60. Nor does the "text and structure" of the HEAL statute provide "evidence of Congress's implied intent to create a private right of action." M.F. v. State of New York Exec. Dep't. Div. of Parole, 640 F.3d 491, 495 (2d Cir. 2011). Thus, it is state law that provides the cause of action here, not federal law.

Under the Grable test, there is no "serious federal interest in claiming the advantages thought to be inherent in a federal forum." 554 U.S. at 313. This is an ordinary contractual dispute that does not raise any issue requiring interpretation of federal law, and certainly not "a contested and substantial federal question." Id. This case thus belongs, as do most contract actions, in state court. Of note, virtually all district courts that have considered the question of whether a collection action for nonpayment of a HEAL loan arises under federal law have concluded that federal question jurisdiction is

lacking.  See HICA Educ. Loan Corp. v. Kotlyarov, 11 Civ. 1050 (DAB)(FM), 2013 WL 4007582, at *3 (S.D.N.Y. Aug. 6, 2013) (Report and Recommendation collecting cases).  Accordingly, it is hereby

ORDERED that this matter is dismissed for lack of subject matter jurisdiction.  The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         April 23, 2014

———————————————
DENISE COTE
United States District Judge

5

COPIES MAILED TO:

Amy B. Meyer
142 Roosevelt Drive
Poughquag, NY 12570